UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AUSTIN F. JAHNKE,

Petitioner,

Case No. 20-cv-1693-pp

v.

KENOSHA COUNTY SHERIFF'S DEPARTMENT,
and DEPARTMENT OF CORRECTIONS,

Respondents.

**ORDER DISMISSING *HABEAS* PETITION (DKT. NO. 1), DISMISSING CASE WITHOUT PREJUDICE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

On November 10, 2020, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2241 challenging his pretrial detention in the Kenosha County Detention Center on charges of possession with intent to deliver cocaine, possession with intent to deliver THC, possession of drug paraphernalia and felony bail jumping, as well as pending revocation of his probation from a 2017 case. Dkt. No. 1. He has not paid the $5.00 filing fee. The petitioner is not eligible for *habeas* relief, and the court will dismiss the petition.

I.    **Background**

A.    <u>Ongoing Criminal Cases</u>

The petition indicates that the petitioner is challenging his illegal pretrial detention in Kenosha County Case No. "20CF830." Dkt. No. 1 at 2. The court

has reviewed the publicly available docket for that case. See State v. Jahnke, Kenosha County Case No. 20CF830 (available at https://wcca.wicourts.gov). The docket shows that on July 24, 2020, the State filed a criminal complaint against the petitioner. Id. As of June 28, 2021, charges of possession with intent to deliver cocaine, possession with intent to deliver THC, possession of drug paraphernalia and two counts of felony bail jumping remain pending. Id. The state court has scheduled jury selection to begin on July 12, 2021. Id. As of April 22, 2021, the petitioner remained in the custody of the Kenosha County Sheriff's Department. http://inmate.kenoshajs.org/ (last visited June 28, 2021).

The petition also indicates that the petitioner is in custody following his conviction and sentencing in Case No. 17CF773. Dkt. No. 1 at 3. The public docket for that case shows that there is a "[s]entencing hearing on revocation" scheduled for July 22, 2021 at 3:00 p.m. https://wcca.wicourts.gov/.

B.    Federal *Habeas* Petition (Dkt. No. 1)

The petition asserts five grounds for relief: (1) a due process violation from the circuit court's alleged failure to timely hold a preliminary examination; (2) a deprivation of the petitioner's right to counsel (he asserts that the court commissioner has told him he must represent himself); (3) an abuse of discretion for the circuit court's allegedly making appointment of counsel contingent on the petitioner's waiver of the deadline for holding a preliminary hearing; (4) the circuit court's failure to respond to the petitioner's efforts to contact the court regarding these issues; and (5) the petitioner's assertion that

2

he "[has] not had the chance to be heard and [does] not have an attorney appointed in regards to [his] revocation." Id. at 3-4.

The petitioner explains that on August 19, 2020, his attorney withdrew due to a conflict of interest. Id. at 3. He states that a subsequent attorney withdrew on September 24, 2020. Id. He contends that "Commissioner Loren Keating told [him] on the record, on two separate occasions . . ., that if [he] wanted an attorney . . . , [he] HAD to toll the time for a preliminary hearing." Id. (emphasis in original). Stating that he "said no," the petitioner asserts that the court yelled at him and told him that the court would force him to represent himself. Id. at 3-4.

For relief, the petitioner "would like to be discharged from the custody of Kenosha County Sheriff's Department;" he says that he "[has] been asking repeatedly for an attorney but the court has made it clear that they are only leaving it up to the public defender's office." Id. at 4.

## II.    Rule 4 Screening

### A.    Standard

Under Rule 1(b) of the Rules Governing Section 2254 Cases and Civil L.R. 9(a)(2), the court applies the Rules Governing Section 2254 Cases to petitions for a writ of *habeas corpus* under 28 U.S.C. §2241. Chagala v. Beth, No. 15-CV-531, 2015 WL 2345613, at *1 (E.D. Wis. May 15, 2015). Those rules require the court to review, or "screen" the petition. Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge

must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

"The appropriate vehicle for a state pre-trial detainee to challenge his detention is §2241." Jackson v. Clements, 796 F.3d 841, 843 (7th Cir. 2015). While §2241 allows a pretrial detainee to petition for *habeas* relief, the Younger abstention doctrine limits the ability of a federal court to interfere with pending state criminal prosecutions absent special circumstances. See, *e.g.*, Olsson v. O'Malley, 352 F. App'x 92, 94 (7th Cir. 2009) (citing Younger v. Harris, 401 U.S. 37, 43-45 (1971)).

Exceptional circumstances exist where irreparable damage would occur, such as claims of prosecutorial harassment and prosecutions brought in bad faith. Younger, 401 U.S. at 49. Relief is "generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies." Olsson v. Curran, 328 F. App'x 334, 335 (7th Cir. 2009). Exceptional circumstances do not exist when the threatened injury "is solely 'that incidental to every criminal proceeding brought lawfully and in good faith.'" Id. (citing Douglas v. City of Jeannette, 319 U.S. 157, 164 (1943)).

B.    Analysis

The court must dismiss the petition for several reasons. First, the state-court criminal proceedings are ongoing. The petitioner still has what the U.S. Supreme Court has characterized as "an acute, live controversy with the State and its prosecutor." Younger, 401 U.S. at 41.

"Ex parte Young, 209 U.S. 123 . . . , and following cases have established the doctrine that, when absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts . . . ."

Id. at 45 (quoting Fenner v. Boykin, 271 U.S. 240, 243-44 (1926)).

This federal court cannot interfere with the ongoing state criminal proceedings. The petitioner has not cited extraordinary circumstances. He has the ability to address his concerns in state court—he may file a motion to quash his arrest or requesting counsel in state court, he may challenge the sufficiency of the evidence by having a jury trial and he may seek release from custody from the state-court judge. The appropriate place for the petitioner to seek relief while his criminal cases are pending is in the state court because this court cannot interfere with the pending state proceedings.

Second, and related, the petitioner's *habeas* petition is premature. "A federal court will not hear a state prisoner's habeas claim unless the prisoner has first exhausted his state remedies by presenting the claim to the state courts for one full round of review." Crutchfield v. Dennison, 910 F.3d 968, 972 (7th Cir. 2018) (citing Davila v. Davis, ___ U.S. ___, 137 S. Ct. 2058, 2064 (2017)). In the new case, the petitioner has filed motions with the trial court and sought review of certain orders in the Court of Appeals. See State v. Jahnke, Kenosha County Case No. 20CF830 (available at

https://wcca.wicourts.gov). Even if the petitioner asserted each of his *habeas* claims in the circuit court and sought review of those claims in the Court of Appeals, however, it does not appear that the petitioner has filed any petition for review in the Wisconsin Supreme Court. The petitioner has not, therefore, exhausted his state remedies, which is required before he may seek *habeas* relief in federal court.

Finally, the relief the petitioner seeks—appointment of counsel in state court and release from pretrial custody—is relief that only the state court can grant.

For these reasons, the court will dismiss the petition.

**III.  Certificate of Appealability**

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability because reasonable jurists could not debate that the petitioner is not entitled to *habeas* relief under 28 U.S.C. §2241.

## IV.    Conclusion

The court **DISMISSES** the petition for writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 1.

The court **DECLINES TO ISSUE** a certificate of appealability.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 29th day of June, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**